UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| F & M BANK AND TRUST COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:13CV00063 ERW |
| | ) | |
| LARRY D. OWENS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff F & M Bank and Trust Company's ("Plaintiff") Motion to Transfer Venue [ECF No. 5], and Defendant Larry D. Owen's Motion to Remand Case to State Court [ECF No. 12].

**I. PROCEDURAL BACKGROUND**

Larry D. Owens ("Debtor") is the debtor in a Chapter 7 bankruptcy case pending in the Western District of Missouri (Case No. 13-20473) that was filed on April 9, 2013. At the time of Debtor's bankruptcy filing, this matter was pending in the Circuit Court of Scotland County, Missouri (Case No. 12SE-CC00040). Plaintiff; Debtor; Defendant Robert R. Hemond; Defendant Hannibal Sports & Entertainment Group, LLC; Defendant Clemens Field Development #3, LLC; and others were named parties in the Scotland County state court action.

Plaintiff filed a notice of bankruptcy stay in the state court action on May 10, 2013. On July 2, Plaintiff filed a Notice of Removal of State Court Civil Action to District Court, and a Motion to Transfer Venue of this proceeding to the United States Bankruptcy Court for the Western District of Missouri, Central Division.

On July 19, Debtor filed an Objection to Plaintiff's Motion to Transfer Venue [ECF No. 13], and his Motion to Remand [ECF No. 12]. Plaintiff filed "F & M Bank and Trust Company's

Consent to Larry D. Owens' Motion to Remand" on July 24, 2013 [ECF No. 16].  The remaining defendants have filed no responses to the motions currently pending before the Court.

**II.  DISCUSSION**

In his Motion to Remand, Debtor claims that Plaintiff did not obtain relief from the bankruptcy's automatic stay, as required by 11 U.S.C. § 362, before filing the removal notice in this matter.  Debtor contends that Plaintiff's removal of the entire state court case to this Court violates the automatic stay, and thus is *void ab initio*.  Debtor argues that the Court can therefore take no action with respect to the matter, and must remand the case to state court.  Plaintiff consents to Debtor's request to remand the action to the Circuit Court of Scotland County, Missouri.

As pertinent, Section 362(a) of the Bankruptcy Code provides that commencement or continuation of a judicial proceeding initiated against a debtor prior to a bankruptcy action is stayed when the debtor files a bankruptcy petition.  11 U.S.C. § 362(a)(1).  This automatic stay is broad in scope, and, except as specifically set forth in subsection (b) of Section 362, applies to almost all formal and informal action against the debtor or his property.  *In re Hoskins*, 266 B.R. 872, 875-76 (Bankr. W.D. Mo. 2001). "Once the stay is in effect, the parties cannot undertake any judicial action material to the claim against the debtor without relief from the automatic stay." *Id*. at 876.  "The stay springs into being immediately upon the filing of a bankruptcy petition[,]" and cannot be waived. *In re Vierkant*, 240 B.R. 317, 320 (8th Cir. BAP 1999). Consequently, upon the filing of Debtor's bankruptcy petition, the automatic stay operated to bar any further prosecution by Plaintiff of its case-in-chief in the state court lawsuit, including removing the state court action to federal court, until the automatic stay had been lifted. An action taken in violation of the automatic stay is *void ab initio*. *Id.* at 325.

The Court finds that Plaintiff failed to obtain relief from the automatic stay prior to filing its Notice of Removal of this matter. Plaintiff's action was taken in violation of the automatic stay, and is therefore void. The Court concludes that it lacks jurisdiction over the matter. If "at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c). The Court will deny Plaintiff's Motion to Transfer Venue as moot.

### III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Larry D. Owen's Motion to Remand [ECF No. 12] is **GRANTED**. The Clerk of Court shall remand this action to the Circuit Court of Scotland County, Missouri, from which it was removed.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Transfer Venue [ECF No. 5] is **DENIED as moot.**

Dated this   31st   day of July, 2013.

　　　　　　　　　　　　　　　　　　　E. RICHARD WEBBER
　　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE